# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEDOUBLE, INC., a California Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br><br>FACE.COM, INC., a Delaware Corporation formerly known as Vizi Labs, Inc.,<br><br>　　　　　　　　　Defendant. | CASE NO.  12cv1584-DMS (MDD)<br><br>CONSOLIDATED ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: (1) PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES 3-5, 8 [ECF NO. 57]; AND, (2) PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES PURSUANT TO PATENT L.R. 3.4(a) AND REQUESTS FOR PRODUCTION OF DOCUMENTS [ECF NO. 69]<br><br>[ECF NOS. 57, 69] |

　　　Before the Court are discovery disputes presented by the parties in two Joint Motions for Determination of a Discovery Dispute.  One dispute, filed on January 18, 2014, consists of Plaintiff's motion to compel further responses to certain interrogatories by Defendant. [ECF No. 57].  The other dispute, filed on January 29, 2014, consists of Plaintiff's motion to compel further production from Defendant under Patent L.R. 3.4(a) and regarding 65 Requests for Production. [ECF No. 69].

　　　The Court held a discovery conference with counsel for the parties on February 10, 2014.  This Order is based upon the filed documents and

the discussions held with counsel at the conference.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id*.

"An interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." *Id*. at 33(b). The responding party has the option in certain

circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. *Id.* at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id.* at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## Discussion

1.  Dispute Regarding Interrogatories 3-5 and 8 [ECF No. 57]
    a. Interrogatory 3

Interrogatory 3 asks Defendant to identify third parties with whom Defendant contracted to provide access to the accused technology to include identifying the specific technology supplied and the consideration paid. In response, Defendant relied upon Fed. R. Civ. P. 33(d) and identified specific documents provided earlier to Plaintiff. Plaintiff argues that this response is insufficient as it fails to answer all of the components of the Interrogatory.

Rule 33(d) provides that if an answer to an interrogatory may be determined from a party's business records and the burden of

ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed.

The Court finds that Defendant's reliance on Rule 33(d) in this instance is appropriate - identifying with specificity the relevant contracts provides both parties with substantially the same burden in deriving the terms of the contracts.  Plaintiff asserts, however, that certain contracts identify financial terms, such as cost per image, but do not identify what actually was paid.  To the extent that payments were made pursuant to these contracts, Plaintiff is required to identify such additional records as necessary or otherwise respond to that aspect of the Interrogatory.

       b.  Interrogatory 4

This interrogatory asks Defendant to describe, in narrative form, the steps by which the accused technology provides facial recognition.  Defendant again relied upon Rule 33(d) in its response stating that it had provided Plaintiff a copy of its source code.  Plaintiff argues that this response is insufficient.  The Court agrees with Plaintiff.

Rule 33(d), as discussed above, is available only if the burden of ascertaining the answer to the interrogatory is substantially the same for both parties.  Here, the Court finds that Plaintiff bears a substantially greater burden in determining how Defendant's software works by examining Defendant's source code than does Defendant.  After all, engineers employed by Defendant wrote the code with an object in mind.

Accordingly, Defendant is required to provide a guide or road map to its source code to Plaintiff.  That guide may be narrative, may be an

index or may be something akin to a detailed table of contents. In any event, appropriate sections of the source code should be referenced in the response.

### c. Interrogatory 5

Interrogatory 5 requests Defendant to state its contentions in support of its defense of non-infringement. Defendant asserts that it should not be required to state its non-infringement contentions at this state of the litigation. In some instances, courts have found "contention" interrogatories to be premature. This is not one of those cases.

"Contention" interrogatories are premature if the propounding party cannot present plausible grounds showing that early answers to contention questions will efficiently advance litigation, or if the defendant does not have adequate information to assert its position. *Gen-Probe v. Becton, Dickinson and Co.*, Civil No. 09cv2319, 2010 WL 2011526 at *1-2 (S.D. Cal. May 19, 2010); *Carson Optical Inc. v. Prym Consumer USA, Inc.*, No. CV 11-3677, 2012 WL 7997611 at *1 (E.D. N.Y. Sept. 7, 2012). Courts have found requiring a defendant to answer a non-infringement contention interrogatory is not premature where the plaintiff has already provided its infringement contention with corresponding claim charts, which allow the defendant to respond accordingly. *Fellowes, Inc. v. Aurora Corp. of America*, No. 07C7237, 2009 WL 1097063 at *2 (N.D. Ill. April 1, 2009) (finding defendant would not be forced to prematurely take a position). Further, a contention interrogatory during the early stages of litigation is appropriate where the responses to the interrogatory would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a

substantial basis for a motion under Rule 11 or Rule 56. *HTC Corp. v. Technology Properties Ltd.*, No. C08—882, 2011 WL 97787 at *2 (N.D. Cal. Jan. 12, 2011) (*citing In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)).

In this case, as required by Patent L.R. 3.1 and 3.2, Plaintiff has served Defendant with its Infringement Contentions and supporting documentation. The parties have filed their respective views on claim construction. (ECF Nos. 72, 73, 74). Defendant cannot assert that it does not have sufficient information to formulate its non-infringement contentions. Certainly, as the case proceeds through claim construction, both parties may have to amend their contentions; that does not obviate Defendant's obligation to respond to this Interrogatory at this stage of the litigation.

### d. Interrogatory 8

Interrogatory 8 requires Defendant to identify all assets and liabilities assumed in the purchase of Defendant by Facebook and to state its contention regarding apportioning of the purchase price among the assets purchased. Plaintiff relied upon Rule 33(d) and identified documents it produced related to the Facebook transaction. Regarding apportionment, Defendant stated that it did not apportion the purchase price but reserved its right to take positions regarding apportionment in defending this case. Defendant stated that if it does develop apportionment contentions, it will disclose them as required in expert discovery. Plaintiff challenges the adequacy of Defendant's response regarding apportionment.

The Court agrees with Plaintiff that Defendant must respond more particularly to the portion of the interrogatory requiring disclosure of its

contentions regarding apportionment. Valuation is an important component of any patent suit. Plaintiff is entitled to Defendant's theory of valuation. The Court finds no basis to delay disclosure of Plaintiff's valuation contentions until expert discovery.

  2. Dispute Regarding Production of Documents [ECF No. 69]
    a. Patent L.R. 3.4(a)

This Court's Patent Local Rules require a patent holder to serve infringement contentions and supporting documents upon an alleged infringer no later than 14 days following the initial case management conference. Patent L.R. 3.1, 3.2. No later than 60 days following the service of the infringement contentions, the opposing party must serve its invalidity contentions and supporting documents. Patent L.R. 3.3, 3.4. Patent L.R. 3.4(a) specifically requires the opposing party to produce:

> [s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in its [disclosures under Patent L.R. 3.1].

Plaintiff asserts that although Defendant has made its source code available, Defendant has not provided the other forms of documentation listed in the Rule. Plaintiff asserts that disclosure of its source code is in full compliance.

  The gist of the dispute is the burden placed upon Plaintiff to analyze the source code in a vacuum. In this respect, Defendant's complaint is mirrored in the dispute regarding Interrogatory No. 4 above. Inasmuch as the Court has ordered Defendant to provide a road map of its accused technology to Plaintiff, the Court finds that the disclosure of the source code, under these circumstances, is sufficient

compliance with the Rule.

b.  Request for Production No. 4

Plaintiff requests the production of essentially all non-privileged documents relating to the acquisition of Defendant by Facebook. Defendant claims to have produced all relevant, non-privileged documents within its possession.  Plaintiff is dissatisfied with the production.  Defendant can do no more than produce what it may have. Plaintiff asserts that Defendant, in response, also should identify any relevant, non-privileged documents that it previously may have had but no longer has and where the documents may otherwise exist.

The Court finds that Defendant has responded adequately to the request.   Plaintiff's assertion that its definitions preceding the requests require Defendant to describe whether or not it ever had responsive documents, and where they might be, is beyond the scope of request for production under Fed.R.Civ.P. 34.  The definitional, typically boilerplate, section of requests for production cannot be used to expand the scope of a request for production into an interrogatory.

c.  Remaining Issues

Plaintiff generally challenges Defendants compliance with the remaining 64 Requests for Production.  Defendants assert that they have produced responsive information and are continuing to produce responsive information on a rolling basis.  To the extent that Plaintiff ise moving to compel further production pursuant to these Requests, the motion is denied without prejudice.

Conclusion

As provided herein, Plaintiff's motion to compel as presented in the instant joint motion, is **GRANTED IN PART AND DENIED IN PART.**

As to ECF No. 57, Defendant must provide a further response to Interrogatory No. 3 pertaining to compensation received pursuant to the identified contracts.  Regarding Interrogatory No. 4, Defendant must provide a road map or guide to its source code.  Regarding Interrogatory No. 5, Defendant must provide its non-infringement contentions.  Regarding Interrogatory No. 8, Defendant must provide its valuation (allocation) contentions.

As to ECF No. 69, having provided its source code and having been required to produce a guide to that source code, Defendant is in compliance with Patent L.R. 3.4(a).  As to Request for Production No. 4, Defendant need not respond further.  The Court denies any motion to compel without prejudice regarding the remaining 64 Requests for Production.

Absent agreement to the contrary or further Order of the Court, further responses, as required herein, must be served no later than fourteen (14) days following the date of this Order.

IT IS SO ORDERED.

DATED: February 13, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge